Filed 12/16/22  P. v. Jennings CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN LEE JENNINGS,<br><br>        Defendant and Appellant. | C092412<br><br>(Super. Ct. No. MFE18004645) |

Defendant Steven Lee Jennings pleaded guilty to corporal injury of a spouse, a criminal threat, vandalism, vehicle theft, misdemeanor child endangerment, and misdemeanor disobeying a court order.  The trial court sentenced him to 11 years six months in state prison.

Defendant now contends (1) he is entitled to remand for a hearing to determine whether he is eligible for pretrial mental health diversion under Penal Code section 1001.36[1] even though he did not request such a hearing in the trial court, (2) his

---

[1]  Undesignated statutory references are to the Penal Code.

1

trial counsel was deficient in not requesting the hearing, and (3) the matter must be remanded for resentencing under new sentencing laws.

We conclude (1) defendant cannot claim for the first time on appeal that he is entitled to a pretrial mental health diversion hearing, (2) we do not find, on this record, that trial counsel's representation was deficient in failing to request a pretrial mental health diversion hearing, and (3) we will vacate defendant's sentence and remand the matter for resentencing consistent with current law.

Defendant's request for supplemental briefing, filed on December 7, 2022, is denied.

## BACKGROUND

Before 2018, defendant frequently abused his wife and struck his son, who was about 15 years old at the time of the preliminary hearing in 2019. In January 2018, wife rebuffed defendant's attempt to kiss her, so he hit wife and son. Wife dropped to the floor to protect herself. When they had a chance, wife and son ran outside and fled in a car. Defendant chased them in another car, reaching speeds of more than 100 miles per hour. After wife stopped, defendant approached her car and yelled he would break the window if she did not roll it down. When she did, defendant grabbed the keys. He directed wife and son into his car, hitting son in the back of the head with a closed fist. Wife curled up in a ball on the passenger side, and defendant struck her in the head and ears as he drove. Back at the house, defendant sent son to his room and continued to assault wife, splitting her cheek. Eventually, he took her to the hospital, where she received stitches, telling medical personnel she was injured rock-climbing.

In May 2018, defendant and wife argued about sex. Defendant began hitting her, so she curled up in a ball to protect herself from the continuing blows. Defendant also kicked her. She escaped to son's room and asked son to call 911. Defendant entered the room. While wife attempted to shield son, defendant began hitting wife again. He told her, "If you think this is bad, I'll get something else," and "It's time for me to get a bat.

2

You haven't learned your lesson." Defendant went outside, and son and wife locked the door. Defendant came back and broke the window in the door and said, "Things will get a lot worse if you don't open the door." Wife and son ran out the back door and hid in a shed until deputies arrived.

In June 2018, defendant was out on bail when he saw wife and son in a vehicle. He turned around and chased them. Defendant subsequently stole a pickup truck and cut off his ankle monitor, later returning the truck to where he had taken it. When he was apprehended, he had made plans to flee the area.

Defendant pleaded guilty to corporal injury of a spouse (§ 273.5, subd. (a) - count 3), corporal injury of a spouse (§ 273.5, subd. (a) - count 4), criminal threat (§ 422 - count 5), vandalism (§ 594, subd. (b)(1) - count 6), vehicle theft (Veh. Code, § 10851, subd. (a) - count 7), misdemeanor child endangerment (§ 273a, subd. (b) - count 9), and misdemeanor disobeying a court order (§ 273.6, subd. (a) - count 11). On the count 3 conviction for corporal injury of a spouse, defendant admitted a great bodily injury enhancement allegation. (§ 12022.7, subd. (e).)

The trial court sentenced defendant to the upper term of four years for corporal injury of a spouse (count 3), plus consecutive terms for the remaining counts and the enhancement, for a total sentence of 11 years six months.

DISCUSSION

I

Defendant contends he is entitled to a hearing to determine whether he is eligible for pretrial mental health diversion under section 1001.36. He did not request such a hearing in the trial court.

Dr. Lynette Rivers, forensic psychologist, interviewed defendant in August 2018, early in the proceedings, and again in June 2019, before defendant's guilty plea. She determined that several factors contributed to defendant's commission of the crimes: the "Swinger" lifestyle of defendant and his wife; volatility and instability in the marriage;

3

and defendant's abuse of alcohol and marijuana. Additionally, defendant was "in a significant period of psychiatric decompensation" when he committed the offenses, and he suffered from bipolar disorder, attention deficit hyperactivity disorder, and posttraumatic stress disorder.

On June 27, 2018, the Legislature enacted section 1001.36, which took effect immediately. (Stats. 2018, ch. 34, §§ 24, 37.) "Section 1001.36 authorizes a pretrial diversion program for defendants with qualifying mental disorders. The statute defines ' "pretrial diversion" ' as 'the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment . . . .' "[2] (*People v. Frahs* (2020) 9 Cal.5th 618, 626 (*Frahs*).) The defendant must raise the issue of diversion. "Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (§ 1001.36, subd. (b)(1)(A).)

In *Frahs, supra*, 9 Cal.5th 618, the California Supreme Court held that section 1001.36 applies retroactively to cases that had already been adjudicated but were not yet final on appeal when the law took effect. (*Frahs,* at p. 640.) But retroactivity is not the

---

[2] A trial court may grant pretrial diversion if (1) it is satisfied that the defendant has a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder; (2) it is satisfied that the defendant's mental disorder was a significant factor in the commission of the charged offense; (3) in the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment; (4) the defendant consents to diversion and waives his or her right to a speedy trial unless he or she cannot consent or provide a waiver because of a finding of mental incompetency; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the court is satisfied that the defendant will not pose an unreasonable risk of danger to public safety. (§ 1001.36, subd. (b)(1).) Certain crimes, none of which are applicable here, are excluded from section 1001.36. (§ 1001.36, subd. (b)(2).)

issue here. The information was filed in January 2019, more than six months after section 1001.36 took effect. Defendant pleaded guilty in March 2020, and sentencing occurred in July 2020, all after the effective date of the statute. The issue is whether defendant forfeited his contention by not requesting a hearing on pretrial mental health diversion in the trial court.

Generally, a party forfeits consideration of any issue on appeal that could have been, but was not, raised in the trial court. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.) Defendant nevertheless argues a request on appeal for pretrial diversion is timely. We disagree. Consistent with *Frahs* and the statutory language, this court has held that a defendant may seek pretrial diversion under section 1001.36 until sentencing and entry of judgment. (*People v. Curry* (2021) 62 Cal.App.5th 314, 325 (*Curry*), review granted July 14, 2021, S267394; but see *People v. Graham* (2021) 64 Cal.App.5th 827, 832-833 [request for pretrial diversion must be made prior to jury's guilty verdict, review granted Sept. 1, 2021, S269509]; *People v. Braden* (2021) 63 Cal.App.5th 330, 333 (*Braden*) [defendant is ineligible for diversion after his trial begins], review granted July 14, 2021, S268925.)

The statute allows requests for pretrial diversion "until adjudication." As implied in *Frahs*, adjudication is not the same as the finality of judgment after all appeals are exhausted. (*Frahs, supra*, 9 Cal.5th at p. 640 [statute retroactive for cases already adjudicated but not yet final on appeal].) We adhere to this court's holding in *Curry* that a request for pretrial mental health diversion is timely if made before sentencing. (*Curry, supra*, 62 Cal.App.5th at pp. 325-326, review granted.) Because defendant did not make the request until his opening brief on appeal, well after sentencing, he forfeited the opportunity to make the request.

## II

Defendant next contends that, if a request is timely only if made in the trial court, his trial counsel's failure to request pretrial mental health diversion violated his right to effective assistance of counsel.

"In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient, and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198 (*Mickel*), citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [80 L.Ed.2d 674].) "[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*Mickel,* at p. 198.) "The record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Ibid.*) We presume that counsel's actions fall within a broad range of reasonableness, and afford great deference to counsel's tactical decisions. (*Ibid.*) On direct appeal, a reviewing court will reverse a conviction based on ineffective assistance of counsel only if there is affirmative evidence that counsel had no rational tactical purpose for an action or omission. (*Ibid.*)

This record on appeal does not reveal why defense counsel did not request a hearing on defendant's eligibility for pretrial mental health diversion. Although defendant argues there is no conceivable rational tactical justification for the failure to request a hearing before sentencing, we disagree. Counsel may have discussed the matter with defendant and found defendant was unwilling to be subjected to mental health treatments or requirements. (§ 1001.36, subd. (b)(1)(E).) Or counsel may have concluded the trial court would find defendant was a danger to public safety, specifically to the victims. (§ 1001.36, subd. (b)(1)(F).) On this record, we do not conclude that trial

6

counsel's representation was deficient in failing to request a pretrial mental health diversion hearing. The claim of ineffective assistance lacks merit.

While this appeal was pending, the governor signed Senate Bill 1223 (2021-2022 Reg. Sess.), effective January 1, 2023, amending section 1001.36. The amendment provides that if a mental health expert diagnosed the defendant with a mental disorder, then the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence to the contrary. (Stats. 2022, ch. 735, § 1.) Nothing in the amendment changes our conclusion that defendant forfeited the opportunity to make the request for mental health diversion, nor does it change our ineffective-assistance-of-counsel analysis.

III

In addition, defendant contends we must remand the matter for resentencing because, after sentencing, the Legislature passed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) limiting the circumstances under which a trial court may impose the upper term. (§ 1170, subd. (b).)

Senate Bill 567, effective January 1, 2022, changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170. (Stats. 2021, ch. 731.) Among other things, Senate Bill 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) Senate Bill 567 also creates a presumption in favor of the low prison term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense. (§§ 1170, subd. (b)(6).)

The trial court accepted defendant's plea agreement, which included guilty pleas in exchange for dismissal of some counts and an allegation. The plea form, initialed by defendant, included a list of the counts and the enhancement to be dismissed under the plea agreement. The list of dismissed counts included count 1 (kidnapping of wife;

7

§ 207, subd. (a)), count 2 (kidnapping of son; § 207, subd. (a)), count 8 (assault with a firearm against wife; § 245, subd. (a)(2)), count 10 (misdemeanor vandalism; § 594, subd. (a)), and count 12 (contempt of court; § 166, subd. (a)(4)), along with the enhancement allegation that defendant was released on bail when he committed counts 7 and 8 (§ 12022.1, subd. (b)). As to these dismissed items, the plea form included the following language: "I understand and agree that the sentencing judge may consider facts underlying dismissed counts to determine restitution and to sentence me on the counts to which I am entering a plea." In the trial court's plea colloquy, the trial court confirmed that dismissal of the counts would be with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. Defendant also waived his appellate rights, except for the right to challenge the legality of the sentence and the effectiveness of trial counsel. The parties stipulated that the factual basis for the guilty pleas was set forth in the preliminary hearing transcript and police report.

At sentencing, the trial court imposed the upper term of four years for count 3, infliction of corporal injury on a spouse. (§ 273.5, subd. (a).) It identified the following aggravating circumstances on which it relied in imposing the upper term: that the crime involved great violence (Cal. Rules of Court, rule 4.421(a)(1)), the crime involved a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)), the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)), and defendant had engaged in violent conduct indicating a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)).

The trial court noted that, under the *Harvey* waiver, it could consider other events occurring in January 2018, the date defendant committed infliction of corporal injury on a spouse as alleged in count 3. But those circumstances had not been established in a manner consistent with Senate Bill 567. Although the People assert that the *Harvey* waiver allowed the trial court to rely on the facts of the dismissed counts, we are not persuaded that such reliance was appropriate under the amended law or that such reliance

8

was harmless on this record. In any event, the People noted in oral argument that remand may be appropriate to give the trial court an opportunity to consider the new presumption under section 1170, subdivision (b)(6). We conclude remand for resentencing is appropriate on this record.

Defendant further contends the trial court abused its sentencing discretion by rejecting undisputed mitigating circumstances and imposing a consecutive sentence for a criminal threat that occurred during one of the domestic violence incidents. Because we will remand for resentencing, we need not address these arguments. Moreover, on remand and before resentencing, defendant may elect to move for mental health diversion under section 1001.36. (See *Curry, supra*, 62 Cal.App.5th at p. 325 [review granted and holding for lead case, *Braden, supra*, 63 Cal.App.5th 330, S268925].)

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing consistent with current law. The judgment is otherwise affirmed. Following resentencing, the trial court shall send an amended abstract of judgment, as appropriate, to the Department of Corrections and Rehabilitation.


_____/S/_____

MAURO, Acting P. J.

We concur:


_____/S/_____

RENNER, J.


_____/S/_____

KRAUSE, J.

9